UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROY ROMEO BEJJANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| EDWARD EARL PRICE, | § | |
| BRITTANY ROBERTS, and | § | |
| THOMAS CONTRACTING, LLC | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff ROY ROMEO BEJJANI (hereinafter "Plaintiff") and files this Plaintiff's Original Complaint against Defendants EDWARD EARL PRICE, BRITTANY ROBERTS and THOMAS CONTRACTING, LLC, and as such would respectfully show unto the Court as follows:

### I.    NATURE OF THIS CIVIL ACTION

1.1    This is a civil action for money damages to remedy and compensate Plaintiff Roy Romeo Bejjani for the catastrophic injuries he sustained, including a traumatic pneumothorax, laceration of his spleen and kidney laceration which were proximately caused by Defendants' negligence and reckless disregard for the rules of the road.  Plaintiff will show Defendants were negligent, negligent per se, grossly negligent, and violated a host of regulations, rules and standards that proximately caused Plaintiff's injuries and damages.

1

## II.   PARTIES

2.1     Plaintiff ROY ROMEO BEJJANI is an individual, resident and citizen of the State of Texas.

2.2     Defendant EDWARD EARL PRICE (hereinafter "Defendant Price") is an individual, resident and citizen of the State of Mississippi.  Defendant Price was involved in the serious motor vehicle wreck made the basis of this lawsuit, and hence committed a tort in the State of Texas. Defendant EDWARD EARL PRICE may be served by serving him at his residence located at 1490 Price Road, Lexington, MS 39095, pursuant to Federal Rule of Civil Procedure 4.

2.3     Defendant BRITTANY ROBERTS (hereinafter "Defendant Roberts") is an individual, resident and citizen of the State of Mississippi.  Defendant Roberts owned the commercial truck that Defendant Price was operating in the State of Texas at the time of the collision, is believed to have entrusted said vehicle to Defendant Price and is believed to have been engaged in a partnership and/or joint venture or enterprise with Defendant Price when the motor vehicle collision at issue occurred in Texas.  Defendant BRITTANY ROBERTS may be served by serving her at her residence located at 1490 Price Road, Lexington, MS 39095, pursuant to Federal Rule of Civil Procedure 4.

2.4     Defendant THOMAS CONTRACTING, LLC (hereinafter "Defendant Thomas") is foreign corporation registered in Alabama.  Defendant Thomas is believed to do substantial business in the State of Texas, including shipping, carrying,

2

transporting, traversing, and delivering goods in and through the State of Texas, was involved in the serious motor vehicle wreck made the basis of this lawsuit, and committed a tort in the State of Texas.  Defendant Thomas operates under USDOT number 1190172 and under Motor Carrier number 00523413.  As a condition to operate under its USDOT number, Defendant Thomas has filed a Form BOC-3 electing to designate a blanket agent for service of process subjecting it and consenting to jurisdiction in Texas.  Pursuant to its BOC-3 filing, Defendant THOMAS CONTRACTING, LLC has designated DOTPROCESSAGENTS.COM LLC as its blanket agent for service of process and in Texas may be served with this lawsuit by serving its agent All States Truck Permits, 128 East 5th St., Hereford, Texas 79045, pursuant to Federal Rule of Civil Procedure 4.

### III.    JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Plaintiff and the Defendants are citizens of different states and the amount in controversy well exceeds $75,000.00, excluding interest and costs, and the motor vehicle collision at issue occurred in the State of Texas.

3.2    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.  Specifically, the commercial motor vehicle wreck at issue occurred in this district, in Weatherford, Parker County, Texas.

## IV.   FACTUAL ALLEGATIONS

4.1    Upon information and belief, Defendant Thomas Contracting, LLC is a motor carrier for profit that operates commercial motor vehicles on public roads, including in Texas and was doing so on at least this occasion involving the wreck at issue. Among those commercial vehicles operated by Defendants was the commercial motor vehicle involved in this wreck—a Chevrolet 3500HD pickup truck with License Plate B26697, VIN 1GC4K0C84BF119957, connected to a trailer with License Plate TLRJ3476, VIN  53VBC2023LG037573, with a 2009 Hyundai with License Plate ATF356, VIN KMHDU46D09U701341 loaded on the trailer (hereinafter "commercial motor vehicle"). Defendant Thomas and Defendant Roberts placed Defendant Price behind the wheel of this commercial motor vehicle despite Price's apparent lack of experience, qualification and/or proper training in basic safety laws and driving, as well as policies and procedures and commercial vehicle industry standards. Price is believed to have been an employee of Defendant Thomas.  And, in any event, Price was certainly a statutory employee under 49 CFR 390.5, acting in the course and scope of his employment for Defendant Thomas at the time of the collision at issue herein.

4.2    On or about December 29, 2020, Defendant Price was conducting business for Defendant Thomas while operating a truck owned by Defendant Roberts. Defendant Thomas was pulling a large flatbed trailer, Mississippi License Plate TLRJ3476 and VIN 53VBC2023LG037573.  He was transporting a vehicle on the

flatbed trailer and that vehicle was a Hyundai Elantra, Mississippi License Plate ATF356 and VIN KMHDU46D09U701341.

4.4    Upon information and belief, Defendant Price was operating the commercial motor vehicle westbound on the access road to Interstate 20 when he completely blew through the stop-sign located at the intersection of I-20 and Holland Lake Drive.

4.5    Running a stop-sign is a gross violation of a basic driving rule that anyone and everyone should be aware of, especially a "trained" commercial vehicle driver.

4.6    Defendants Price, Roberts and Thomas knew or should have known that running a stop-sign at highway speeds can cause catastrophic consequences such as those suffered by Plaintiff.

4.7    Upon information and belief, there was no emergency or mechanical failure excusing or permitting the dangerous and reckless driving of Defendants' Dually Truck.

4.8    At the time of the collision, Plaintiff Roy Romeo Bejjani was a restrained passenger in a 2020 white, Ford Focus, Texas License Plate LLM8486, VIN 1FAHP2E80DG154106 that was being driven by his friend, Nicole.  Plaintiff and his friend were traveling northbound at the 1700 block of Holland Lake Drive and I-20. Their vehicle came to a stopped at the stop sign and then proceeded through the intersection.  As they were proceeding through the intersection, Defendant Price, who was operating the commercial motor vehicle came out of nowhere and without

5

warning and blew through the stop-sign at highway speed limits. **<u>The investigating officer with the Weatherford Police Department stated in his report that the cause of the wreck was Defendant Price's failure to stop at the stop-sign.</u>**



4.9     As a proximate result of the Defendants' negligence, negligence per se, and gross negligence which caused the collision between the two vehicles as herein described, Plaintiff suffered catastrophic personal bodily injuries, including a traumatic pneumothorax, laceration of his spleen and kidney laceration.

## V.     PLAINTIFF'S CAUSES OF ACTION

### A.     CLAIMS OF NEGLIGENCE

5.1     All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

5.2     Defendants had a duty to exercise the degree of care that a reasonably careful licensed commercial motor carrier and that a reasonably careful licensed commercial motor vehicle operator would use to prevent collisions and avoid causing harm to others under similar circumstances, including following basic rules of the road.

5.3     Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR § 301-399), either directly and/or as adopted under Texas law and the Texas Commercial Motor Vehicle Drivers Handbook.  Upon information and belief, Defendants will be shown to have committed negligence by violating the following, including but not limited to:

(a)     Failing to operate the commercial motor vehicle in a reasonably safe and prudent manner;

7

(b)     Failing to obey the traffic control device (failing to stop at the posted stop sign);

(b)     Failing to control the speed of the commercial motor vehicle and/or driving at an unsafe speed;

(d)     Driving recklessly and needlessly endangering other drivers on the roadway;

(f)     Failing to pay attention to the road and driving conditions;

(h)     Failing to properly and/or timely apply the brakes of the commercial motor vehicle in order to avoid the collision in question;

(i)     Failing to keep a proper lookout as a commercial motor carrier driver using ordinary care would have done;

(j)     Failing to maintain proper control of the commercial motor vehicle as a commercial driver using ordinary care would have done under the same or similar circumstances;

(k)     Failing to take proper and timely evasive action;

(l)     In driver inattention and/or distracted driving;

(m)     Violently striking the vehicle in which Roy Bejjani was a passenger and nearly killing him; and

(n)     Other negligent acts and omissions to be identified as discovery is conducted.

5.4     Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's injuries and damages.

## B.   NEGLIGENCE PER SE

5.5     Upon information and belief Defendant Price was negligent per se in committing acts that violated various statutes intended to protect the safety of persons traveling on the roadways, including:

(a)   Failing to stop at a stop sign in violation of §544.010 of the Texas Transportation Code;

(b)   Failing to control the speed of the truck and/or driving at an unsafe speed, in violation of §545.352 of the TEXAS TRANSPORTATION CODE  and Section 2.6 of the Texas Commercial Driver's Manual;

(c)   Failing to safely manage the space ahead in violation of Section 2.7 of the Texas Commercial Driver's Manual; and

(d)   Engaging in reckless driving in violation of Texas Transportation Code §545.401(a).

5.6   The acts and omissions described above, singularly or in any combination, amount to negligence and/or negligence *per se*, and were a proximate cause of the collision made the basis of this suit and the Plaintiff's injuries and damages.

## C.   NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION AND FAILURE TO CONTROL

5.7   Upon information and belief, Defendant Thomas Contracting and/or Brittany Roberts owed a duty to other motorists, including Roy Bejjani, to hire safe, competent drivers, to implement and enforce safety policies and procedures, to train, instruct, monitor and supervise its drivers, and to take actions to control their drivers to prevent collisions and injuries to other motorists, including Roy Bejjani, but failed to do so.  Defendant Thomas Contracting and/or Brittany Roberts' negligent acts and/or omissions in this regard include, but are not limited to, the following:

(a)   Failing to train and instruct drivers in proper driving techniques contained in the FMCSR and as adopted under Texas law and the Texas Commercial Motor Vehicle Drivers Handbook;

(b)   Failing to prohibit unsafe driving practices;

(c)      Permitting, encouraging, and approving unsafe driving practices;

(d)      Failing to implement and/or enforce reasonable policies and procedures pertaining to safe driving operations;

(e)      Failing to monitor drivers;

(f)      Negligent and reckless hiring, qualification, and retention of unfit, unsafe drivers;

(g)      Negligent entrustment of commercial motor vehicle to unfit, unsafe drivers;

(h)      Negligently creating or allowing a culture of non-compliance by failing to require observance of, and approving violations of, rules and regulations for commercial motor vehicles; and

(i)      Aiding, abetting and encouraging drivers to violate the rules of the road.

5.8    The acts and omissions described above, singularly or in any combination, amount to negligence and/or negligence *per se*, and were a proximate cause of the collision involving Roy Bejjani made the basis of this suit and of the Plaintiff's injuries and damages.

**D.    VICARIOUS LIABILITY – RESPONDEAT SUPERIOR AND STATUTORY EMPLOYEE**

5.9    At the time of the collision and at all relevant and material times, Defendant Edward Earl Price was driving the commercial motor vehicle in question on behalf of Defendant Thomas Contracting, and Defendant Price was operating the commercial motor vehicle in his capacity as an employee and/or statutory employee for Thomas Contracting.  Hence, Defendant Thomas Contracting is vicariously liable for the acts of Defendant Price. *See* 49 U.S.C. § 14102(a); 49 C.F.R. § 376.12 (c); 49 C.F.R. § 376.26; 49 C.F.R. § 390.5.

E.    **PARTNERSHIP, JOINT VENTURE, JOINT ENTERPRISE, AND/OR AGENCY**

5.10   Additionally, and/or alternatively, upon information and belief, Defendant Price, Defendant Roberts, and/or Defendant Thomas Contracting were engaged in a partnership, joint venture, and/or joint enterprise and/or said Defendants were acting as the agent of one another making each vicariously liable for the acts and omissions the other.

F.    **GROSS NEGLIGENCE OF DEFENDANTS**

5.11   Upon information and belief, the negligent acts and/or omissions of Defendants Price, Roberts and Thomas as set forth herein constitute an entire want to care as to indicate that such acts and/or omissions were the result of conscious indifference to the rights, safety and welfare of others, including Plaintiff Roy Romeo Bejjani, and thus amount to gross negligence as that term is defined by the laws of the State of Texas.  The acts and/or omissions of Defendants Price, Roberts and Thomas, when viewed objectively from their standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Further, upon information and belief, Defendants Price, Roberts and Thomas had actual, subjective awareness of the risks involved, yet nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff Roy Romeo Bejjani.  As such, the jury should consider assessing punitive or exemplary damages against each Defendant.

11

5.12   Plaintiff's injuries, harms, losses and damages were proximately caused by all Defendants' negligence, negligence per se, and gross negligence, as well as a careless and reckless disregard for their duty to the public.

## VI.   PERSONAL INJURIES AND DAMAGES

6.1   As a proximate result of Defendants' negligence, negligence per se, and gross negligence, Plaintiff has suffered severe bodily, economic, and mental injuries.  Consequently, Plaintiff is seeking compensation for the following damages:

a.   <u>Physical Pain</u>:  Plaintiff has endured physical pain in the past and will endure pain in the future;

b.   <u>Mental Anguish</u>:  Plaintiff has endured mental anguish in the past and will endure mental anguish in the future; and

c.   <u>Impairment</u>:  Plaintiff has endured physical impairment and cognitive impairment in the past and may continue to suffer the effects in the future.

6.2   In all reasonable probability, Plaintiff will continue to suffer from these injuries in the future and is seeking compensation for such future damages.

6.3   In light of the gross negligence of Defendants Thomas, Price and Roberts, the jury should consider assessing punitive or exemplary damages against each Defendant.

## VII.  JURY DEMAND

7.1   Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues herein.

## VIII.   <span>PRAYER FOR RELIEF SOUGHT</span>

8.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays and requests that Defendants be cited to appear and answer and that this case be tried after which Plaintiff recover from and have judgment against Defendants, jointly and severally:

 a.    For the actual past and future damages indicated above and/or proved at trial to fully compensate Plaintiff for his harms and losses suffered;

 b.    For any punitive or exemplary damages determined appropriate by the trier of fact;

 c.    Prejudgment interest at the maximum amount allowed by law;

 d.    Post-judgment interest at the maximum rate allowed by law;

 e.    Costs of suit; and

 f.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/Jason B. Stephens
        Jason B. Stephens
        Texas State Bar No. 24003001

        STEPHENS LAW FIRM, PLLC
        1300 S. University Dr., Suite 406
        Fort Worth, Texas 76107
        (817) 420-7000
        (817) 420-7777 facsimile
        jason@stephenslaw.com

        **LEAD COUNSEL FOR PLAINTIFF**

**<u>PLEASE SERVE</u>:**

Edward Earl Price
1490 Price Road
Lexington, MS 39095

Brittany Roberts
1490 Price Road
Lexington, MS 39095

Thomas Contracting, LLC
*Can be served through its registered BOC-3 agent*;
All States Truck Permits
128 East 5th St.
Hereford, Texas 79045